IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARTHUR HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CV-153 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC., et al., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on defendant Dell Financial Services' Motion to Dismiss and Motion to Strike. (Doc. 40.) Plaintiff Arthur Hill filed his original complaint in this case on February 21, 2013, alleging that defendants Equifax Information Services, LLC, King & Spalding LLP, and Keasha Ann Broussard were liable to him for violating the Fair Credit Reporting Act (FCRA). (Doc. 1.) He filed a First Amended Complaint on April 1, 2013, (Doc. 6), making changes to the complaint associated with the claims against Broussard and King & Spalding. He then filed a Second Amended Complaint on June 25, 2013. (Doc. 11.) In this Second Amended Complaint, he made the same basic claims against Equifax, King & Spalding, and Broussard, though he added a few allegations about events allegedly occurring in March and April 2013 and added claims against Experian Information Solutions, Inc., TransUnion, LLC, Dell Financial Services, LLC, and Bank of America Corporation. (*See id.*)

In the initial complaint, Dell was not a named defendant. Nor was Dell a named defendant in the First Amended Complaint. Only in the Second Amended Complaint did Mr.

Hill name Dell as a defendant. Dell contends that the Second Amended Complaint should be stricken because it was filed without court permission and is a nullity and, in the alternative, that the Second Amended Complaint should be dismissed with prejudice because it fails to state a claim on which relief may be granted.

   a. Rule 15 and the Second Amended Complaint

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It allows a party to amend a pleading "once as a matter of course" within twenty-one days after service or within twenty-one days of the filing of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If a party seeks to add events that arose after the initial complaint was filed, then the party must pursue a Rule 15(d) supplemental pleading, rather than a Rule 15(a) amended pleading. Fed. R. Civ. P. 15(d). "[L]eave to file supplemental pleadings should be freely granted." *Wolfe v. Clarke*, 819 F. Supp. 2d 538, 568 (E.D. Va. 2011) (internal alterations and quotation marks omitted) (quoting *Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002)), *aff'd*, 691 F.3d 410 (4th Cir. 2012).

Thus, once a party files an amended complaint as of right, Rule 15(a)(1) no longer applies and the party cannot file another amended complaint without leave of court. *See Shariff v. Amanda Realty*, No. 11-CV-2547 (SLT)(CLP), 2013 WL 5522444, at *5 (E.D.N.Y. Sept. 30, 2013) (Pollak, M.J., report and recommendation adopted) (granting leave to amend *nunc pro tunc*); *US Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-2522 (JS)(WDW), 2012 WL 728227, at *1 n.1 (E.D.N.Y. Mar. 6, 2012) (Wall, M.J., report and recommendation adopted) (noting that the second amended complaint was filed without leave of court, but accepting it as "the operative complaint" because leave to amend should be freely granted); *Kuria v. Palisades Acquisition*

2

*XVI, LLC*, 752 F. Supp. 2d 1293, 1297-98 (N.D. Ga. 2010) (granting leave to amend *nunc pro tunc*); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1480 & n.4 (3d ed. 1998); *cf. Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998); *Bridges v. Department of Maryland State Police,* 441 F.3d 197, 207 (4th Cir. 2006); *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 329 (4th Cir. 2012); *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).

It is undisputed that Mr. Hill did not obtain consent of the defendants or court approval before filing the Second Amended Complaint. Moreover, Mr. Hill should have been aware of the terms of Rule 15(a) and Rule 15(d) since at least February 7, 2013, when this Court, per Magistrate Judge Patrick Auld, in a different case in which Mr. Hill is also plaintiff, entered an order explaining those rules in some detail. *Hill v. Equifax Info. Servs.*, No. 1:11CV107, 2013 WL 474789, at *2-*3 (M.D.N.C. Feb. 7, 2013). However, the Court will grant leave to amend *nunc pro tunc*, since leave to amend and supplement should be freely granted.

    **b. Failure to State a Claim**

Mr. Hill has alleged several causes of action against Dell, all of which stem from the absence of information about a Dell credit account on his credit report. (*See* Doc. 11 at ¶¶ 172-203.) Mr. Hill opened a charge card account through Dell in 2004. (*Id.* at ¶ 32.) He paid the account in full and closed it voluntarily in March 2009. (*See id.*; Doc. 52-1 at 4.) In 2012, Mr. Hill noticed that this account no longer appeared on his Equifax credit report. (Doc. 11 at ¶ 34.) Mr. Hill contacted Dell about this and Dell told him that it reported the account to various Credit Reporting Agencies ("CRAs"). (*Id.* at ¶ 35.) However, as of March 2013, the Dell account was still absent from his credit reports. (*See id.* at ¶ 36.) Mr. Hill again contacted Dell and was again informed that the account had been reported to the CRAs. (*Id.* at ¶¶ 36-37.) Mr. Hill also

3

contacted the CRAs about the missing account in 2013 and received various responses.  Equifax allegedly never reported back to Mr. Hill, (*id.* at ¶ 49), Experian allegedly told Mr. Hill to contact Dell, (*id.* at ¶ 54), and Transunion allegedly told Mr. Hill that it could not find the account because Dell had deleted it and that he should contact Dell.  (*Id.* at ¶ 64.)  Mr. Hill seems to allege alternatively that Dell did re-report the account and the CRAs ignored it or that Dell did not actually re-report the account.  (*Id.* at ¶¶ 78-79, 83.)

Mr. Hill alleges he has been harmed because the absence of his positive credit history with Dell hurts his credit score overall.  (*Id.* at ¶ 85.)  Thus, unlike most FCRA claims, Mr. Hill is not disputing the inclusion of negative information; rather, he is disputing the absence of positive information.  The Court concludes that Dell has no legal duty to furnish this information to CRAs and even if Dell chooses to furnish this information, Dell has no power to make the CRAs report it.  For these reasons, as explained more fully below, Dell's motion to dismiss Mr. Hill's claims for failure to state a claim will be granted.

    i.  **Count 12:  Violation of 15 U.S.C. § 1681s-2(b)**

Mr. Hill first alleges that Dell violated 15 U.S.C. § 1681s-2(b). (Doc. 11 at ¶ 173.)  This section of the FCRA imposes several duties on furnishers of credit information.  *See* § 1681s-2(b)(1)(A)-(E).  It applies only when the consumer has disputed "the completeness or accuracy of any information provided by" a furnisher.  § 1681s-2(b)(1).  If the furnisher has not provided any information, then by its terms this section does not apply.

Other provisions in § 1681s-2(b) reinforce the conclusion that this section and the duties it imposes on furnishers do not apply in cases where information has not been provided.  For example, the duties on furnishers in § 1681s-2(b) are triggered by notice from CRAs that a consumer has disputed "the completeness or accuracy of any item of information *contained in*

4

[the] consumer's file." *Id.* § 1681i(a)(1)(A) (emphasis added). Again, this provision refers only to items of information that are in the consumer's credit report; it does not apply to items of information that have not been provided or are not being reported. Further, § 1681s-2(b) provides that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified," the furnisher shall "(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." *Id.* § 1681s-2(b)(1)(E). These remedies do not make sense when applied to an account that has not been reported. Dell cannot modify, delete, or permanently block an account that it has not reported or that it already stopped reporting.

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Black & Decker Corp. v. United States*, 436 F.3d 431, 436 (4th Cir. 2006) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004)) (quotation marks omitted). The text and meaning of § 1681s-2(b) are clear. The section imposes duties on furnishers related to items of information in the consumer's credit report. It is designed to remedy situations where a consumer disputes an inaccurate or incomplete item on her credit report. *See* Chi Chi Wu & Elizabeth De Armond, Fair Credit Reporting §§ 1.4.6, 6.1.1 (7th ed. 2010) (discussing legislative history behind duties imposed on furnishers). It does not apply to situations where a consumer's credit report lacks positive information that the consumer would like to be reported. *Id.* at § 4.3.2.3 (suggesting that withholding positive data is not actionable under the FCRA). This is consistent with the voluntary nature of credit information furnishing. *See Evans v. Trans Union LLC*, No. 2:10-cv-00945, 2011 WL 672061, at *3 (S.D.W. Va. Feb. 14, 2011) ("[T]he FCRA does not impose upon furnishers a duty to report credit information at all."); *cf.* Procedures to Enhance the Accuracy &

5

Integrity of Information Furnished to Consumer Reporting Agencies, 71 Fed. Reg. 14419, 14421 (Mar. 22, 2006) ("Most of the information that consumer reporting agencies collect and maintain is provided voluntarily by furnishers.").

It does not matter whether the information about Mr. Hill's Dell account no longer appears on his credit report because Dell stopped furnishing the information, because the CRAs did not report it, or for some other reason. (*See* Doc. 52-2 (letter from Transunion stating that Dell could not locate Mr. Hill's account); Doc. 52-3 at 5-6 (letter from Dell stating that it reported Mr. Hill's account to CRAs).) Section 1681s-2(b) does not provide a cause of action against a furnisher in any of these circumstances. Mr. Hill has failed to state a claim for which relief may be granted under § 1681s-2(b), and his claim under this section will be dismissed.

### ii. Count 13: Civil Conspiracy

Mr. Hill's civil conspiracy claim fails for similar reasons. To state a claim for civil conspiracy, Mr. Hill must show "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *Strickland v. Hedrick*, 194 N.C. App. 1, 19, 669 S.E.2d 61, 72 (2008) (quoting *Privette v. Univ. of N.C.*, 96 N.C. App. 124, 139, 385 S.E.2d 185, 193 (1989)) (quotation marks omitted). Mr. Hill alleges that Dell and the CRA defendants are engaged in a conspiracy to hurt consumers by developing and using a method to eradicate or purge positive account history. (Doc. 11 at ¶ 177.) He also asserts that the defendants use this method to retaliate against consumers that take legal action against CRAs and furnishers. (*Id.* at ¶ 183.)

6

As stated above, Dell is not legally obligated to furnish positive account history or prohibited from purging or eradicating old accounts. Therefore, Mr. Hill cannot demonstrate any unlawful conduct by Dell on which to base his conspiracy claim.

Further, although Mr. Hill "need not prove the existence of a conspiracy agreement at this stage," he must at least proffer facts that make his claim plausible. *Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 500 (E.D.N.C. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Mr. Hill has not alleged any facts that suggest an agreement between Dell and the CRA defendants. His conspiracy claim is completely speculative. Indeed, if anything, the facts suggest Dell and the CRAs were not working together. Mr. Hill received numerous conflicting messages about his missing Dell account from the various defendants. Dell blamed the CRAs and the CRAs blamed Dell. Mr. Hill construes this as a "scheme to confuse [him]," (Doc. 11 at ¶ 182), but he provides no facts to support this claim. The remote possibility that Mr. Hill's treatment was pursuant to an agreement among the defendants is not enough to state a claim for civil conspiracy. Mr. Hill has not "nudged [his] claim[] across the line from conceivable to plausible," and it must be dismissed. *Feldman*, 779 F. Supp. 2d at 500 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

### iii. Count 14: Unfair or Deceptive Trade Practices

Mr. Hill filed a claim against Dell under the North Carolina Unfair or Deceptive Trade Practices Act (NCUDTPA), again because his Dell account does not appear on his credit report. (Doc. 11 at ¶¶ 187-196.) The Fourth Circuit and numerous district courts have held that claims against furnishers of credit information under NCUDTPA are preempted by § 1681t of the FCRA. *See Ross v. FDIC*, 625 F.3d 808, 812-13 (4th Cir. 2010); *Joiner v. Revco Discount Drug*

7

*Ctrs., Inc.*, 467 F. Supp. 2d 508, 518 (W.D.N.C. 2006) (collecting cases). Mr. Hill has since conceded this point and asked the Court to withdraw his NCUDTPA claim. (Doc. 52 at 13.)

Despite this concession, Mr. Hill suggests that he has state law claims that are not preempted, relying on § 1681h of FCRA. (Doc. 52 at 11.) That provision preempts certain defamation, invasion of privacy, and negligence claims, but provides a narrow exception for malicious or willful wrongdoing. *See* 15 U.S.C. § 1681h(e). This argument is without merit because Mr. Hill has not filed any claims for defamation, invasion of privacy, or negligence against Dell.[1] (*See* Doc. 11.) Further, the exception in § 1681h applies only to "false information furnished with malice or willful intent to injure." 15 U.S.C. § 1681h(e); *see Ross*, 625 F.3d at 814. Where, as here, no information has been furnished, this exception plainly does not apply. The Court will grant Mr. Hill's request and dismiss his NCUDTPA claim.

### iv. Count 15: Declaratory and Injunctive Relief

Finally, Mr. Hill requests declaratory and injunctive relief. (Doc. 11 at ¶¶ 197-203.) In essence, he asks the Court to order the defendants to report his Dell account and to cease various other practices. (*Id.*) Mr. Hill needs this relief because, in his words, "[a]ccount history purging or eradication is not actionable under the [FCRA]." (*Id.* at ¶ 198.) As discussed above, data furnishing is voluntary—under the FCRA, Dell has no obligation to report or continue to report Mr. Hill's closed account. Mr. Hill has not demonstrated any unlawful conduct by Dell to warrant declaratory or injunctive relief, and his claim must therefore be dismissed.

---

[1] In Count 15, Mr. Hill requests in part that the Court enjoin the defendants from "acting in concert or conspiring to damage, defame or otherwise injure" him, (Doc. 11 at ¶ 202), but he has not otherwise alleged facts to support a defamation claim against Dell.

## CONCLUSION

Mr. Hill's claims all stem from what he describes as a "gap in the law" that gives the defendants the "option not to report individual accounts." (Doc. 52 at 8.) However, it is this very gap that undercuts all of Mr. Hill's claims. Absent a legal duty to furnish positive credit information, Dell cannot be forced to report Mr. Hill's account or be punished for failing to report his account. Mr. Hill has failed to state a claim against Dell upon which relief may be granted. Dell's motion to dismiss, (Doc. 40), is granted, and Mr. Hill's claims against Dell are dismissed with prejudice.

It is **ORDERED** that:

1. Dell's motion to strike the Second Amended Complaint, (Doc. 40), is **DENIED** and the Court deems the Second Amended Complaint filed *nunc pro tunc*.

2. Dell's motion to dismiss Mr. Hill's claims with prejudice, (Doc. 40), is **GRANTED**.

This the 3rd day of December, 2013.

_____
UNITED STATES DISTRICT JUDGE